UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLIE JAMES BURROUGHS,

                    Petitioner,

v.                             Case No. 3:12-cv-73-J-34PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                    Respondents.

_____

**ORDER**

**I. Status**

Petitioner Charlie James Burroughs initiated this action on January 17, 2012,[1] by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. He filed an Amended Petition (Doc. 6) on February 23, 2012. In the Petition, Burroughs challenges a 2007 state court (Duval County, Florida) judgment of conviction for possession of a firearm by a convicted felon. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Motion to Dismiss Habeas Petition as Untimely (Response; Doc. 17) with exhibits (Resp. Ex.). On April 25, 2012,

---

[1] Burroughs filed the Petition in this Court on January 23, 2012; however, giving Burroughs the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Burroughs handed it to the prison authorities for mailing to this Court (January 17, 2012). See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Burroughs the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 10), admonishing Burroughs regarding his obligations and giving Burroughs a time frame in which to submit a reply. Burroughs submitted a brief in reply. See Petitioner's Response to Motion to Dismiss (Reply; Doc. 18). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

2

> presented could have been discovered
> through the exercise of due
> diligence.
>
> (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the
> pertinent judgment or claim is pending shall
> not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d). Like the vast majority of federal habeas petitions, § 2244(d)(1)(A) establishes the limitations period for Burroughs' claims.

Respondents contend that Burroughs has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. On August 24, 2006, the State of Florida charged Burroughs with possession of cocaine and possession of a firearm by a convicted felon. Resp. Ex. A at 8, Information. The trial court granted Burroughs' motion to sever the counts on April 30, 2007. Id. at 65-66, 67. Burroughs proceeded to trial on April 30, 2007, see Resp. Exs. B; C, Transcripts of the Jury Trial (Tr.), at the conclusion of which, on May 4, 2007, a jury found him guilty of possession of a firearm by a convicted felon, as charged. See Resp. Ex. A at 100, Verdict; Tr. at 354. On June 5, 2007, the court sentenced Burroughs to a term of ten years imprisonment. Resp. Ex. at 121-27, Judgment.

On appeal, Burroughs, through counsel, filed an initial brief, see Resp. Ex. D; the State filed an answer brief, see Resp. Ex. E;

and Burroughs filed a reply brief, see Resp. Ex. F. On March 19, 2008, the appellate court affirmed Burroughs' conviction and sentence per curiam without issuing a written opinion, see Burroughs v. State, 976 So.2d 1098 (Fla. 1st DCA 2008); Resp. Ex. G, and the mandate issued on April 4, 2008, see Resp. Ex. G. Burroughs did not seek review in the United States Supreme Court.

Burroughs' conviction became final on Tuesday, June 17, 2008, (90 days from March 19, 2008). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Because Burroughs' conviction was after April 24, 1996, the effective date of the AEDPA, Burroughs had one year from the date his conviction became final to file the federal petition (June 17, 2009). His Petition, filed on January 17, 2012, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

On July 7, 2008, Burroughs filed a pro se motion for judicial documents, in which he requested an order directing the clerk to produce judicial documents without cost. Resp. Ex. H at 1-11. The trial court denied the motion on July 18, 2008. Id. at 12. On November 6, 2008, the appellate court dismissed Burroughs' appeal

4

of the trial court's denial of his motion because he failed to pay the filing fee. See Resp. Exs. H at 13; I; PD-2 at 5, Burroughs v. State, Case No. 1D08-4448. Burroughs' motion did not toll the one year limitations period since it was not an "application for State post-conviction or other collateral review with respect to the pertinent judgment" for purposes of the AEDPA tolling statute. 28 U.S.C. § 2244(d)(2); see Response at 4-5; Brown v. Sec'y for Dep't of Corr., 530 F.3d 1335, 1337-38 (11th Cir. 2008) (stating that a proceeding under Florida Rule of Criminal Procedure 3.853 to obtain DNA testing does not toll the AEDPA limitations period because "a Rule 3.853 proceeding involves an application for discovery only, pursuant to which the court lacks authority to order relief from the movant's sentence or conviction based on the DNA test results).

The one-year period of limitations started running on June 18, 2008, and ran for **sixty-three (63) days** until August 20, 2008, when Burroughs filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. J at 1-82. In an amended order, the circuit court denied the motion on November 21, 2008. Id. at 110-19. On appeal, Burroughs filed a pro se brief, see Resp. Ex. K, and the State notified the court that it did not intend to file an answer brief, see Resp. Ex. L. On March 3, 2009, the appellate court directed the State to show cause why the summary denial of Burroughs' fourth claim should not be reversed and remanded to the circuit court to either attach

5

portions of the record conclusively refuting Burroughs' claim or hold an evidentiary hearing to adjudicate the merits of the claim. Resp. Ex. M. The State responded. Resp. Ex. N. On June 24, 2009, the appellate court reversed the circuit court's summary denial of Burroughs' claim alleging ineffective assistance of counsel for failing to call a witness, and remanded the case to the circuit court; the court affirmed the trial court's denial of Burroughs' other claims. See Burroughs v. State, 11 So.3d 1000 (Fla. 1st DCA 2009); Resp. Ex. O. The mandate issued on July 21, 2009. Resp. Ex. P. On remand, the post conviction court held an evidentiary hearing. Resp. Ex. Q at 119-36. On September 9, 2009, the post conviction court denied the Rule 3.850 motion as to Burroughs' ineffectiveness claim. Id. at 137-59.

Burroughs appealed, filing a pro se brief, see Resp. Ex. R, and the State notified the court that it did not intend to file an answer brief, see Resp. Ex. S. On March 5, 2010, the appellate court affirmed the trial court's denial per curiam, see Burroughs v. State, 34 So.3d 4 (Fla. 1st DCA 2010); Resp. Ex. T, and later denied Burroughs' motion for rehearing on April 22, 2010, see Resp. Exs. U; V. The mandate issued on May 10, 2010. Resp. Ex. X.

Burroughs filed three state petitions for writ of habeas corpus,[2] in which he asserted that appellate counsel was

---

[2] See Resp. Exs. Y through DD (first petition pending 109 days); EE; FF (second petition pending 30 days); GG through II (third petition pending 137 days).

ineffective for failing to challenge the sufficiency of the evidence against him. On July 22, 2011, the appellate court stated in pertinent part:

> For the third time, Charlie Burroughs petitions the court for relief on the theory that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence. Burroughs' first petition raising this claim was untimely and denied as such.[3] His second petition was likewise untimely, failed to allege any meritorious basis for an exception to the time limitation, and in addition was determined to be impermissibly successive.[4] Burroughs has now presented the same claim again, and as with his last petition, we determine that this claim is procedurally barred both as untimely under rule 9.141(d)(5) and impermissibly successive under rule 9.141(d)(6)(C). Petitioner is cautioned that the filing of any further procedurally barred petitions claiming that appellate counsel was ineffective in this case may result in the imposition of sanctions, including but not limited to an order prohibiting petitioner from filing any further pro se pleadings in this court.

Burroughs v. State, 65 So.3d 1175, 1175-76 (Fla. 1st DCA 2011). Burroughs' untimely-filed state petitions did not toll the one year limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly

---

[3] See Burroughs v. State, 57 So.3d 873 (Fla. 1st DCA 2011).

[4] See Burroughs v. State, 61 So.3d 1268 (Fla. 1st DCA 2011).

filed,' and he is not entitled to statutory tolling under §2244(d)(2).'"); Response at 7-9.[5]

Because Burroughs' untimely petitions did not toll the limitations period, the federal limitations period started to run again on May 11, 2010, and continued to run until it expired three hundred and two days later on Wednesday, March 9, 2011. Given the record, Burroughs' January 17, 2012 Petition is untimely filed, and due to be dismissed unless Burroughs can establish that equitable tolling of the statute of limitations is warranted.

The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157-58 (11th Cir. 2014). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014) (internal quotation marks omitted). The burden is on Burroughs to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this

---

[5] Even assuming for purposes of analysis that the one year limitations period was tolled while Burroughs' state petitions were pending, Burroughs' federal Petition is still untimely filed. See Response at 5.

high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). Here, Burroughs simply has not met the burden of showing that equitable tolling is warranted.

Burroughs asserts that he can establish cause for his "procedural default" of untimeliness under Martinez v. Ryan, 132 S.Ct. 1309 (2012). See Reply at 3. In Martinez, the United States Supreme Court addressed whether ineffective assistance of counsel in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding. The Court held: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 132 S.Ct. at 1320; see also Gore v. Crews, 720 F.3d 811, 816 (11th Cir. 2013). Subsequently, on May 28, 2013, the United States Supreme Court extended Martinez's rule to cases where state law technically permits ineffective assistance of trial counsel claims to be raised on direct appeal, but state procedures, as a practical matter, make it "virtually impossible" to actually raise such

claims on direct appeal. <u>Trevino v. Thaler</u>, 133 S.Ct. 1911, 1918 (2013) (citation omitted).

In January 2014, the Eleventh Circuit addressed an appeal of a district court's denial of a federal Rule 60(b)(6) motion for relief from judgment, filed by death row inmate Thomas Arthur. <u>See Arthur v. Thomas</u>, 739 F.3d 611 (11th Cir. 2014), <u>cert</u>. <u>denied</u>, 135 S.Ct. 106 (2014). In Arthur's counseled Rule 60(b)(6) motion, he argued that, in light of the United States Supreme Court's decision in <u>Martinez</u>, the district court should reconsider its dismissal of Arthur's habeas petition as untimely. In denying the motion, the district court had concluded that: (1) a change in decisional law by itself was not the type of "extraordinary circumstance" required to trigger Rule 60(b)(6); (2) a change in the law, combined with an assertion of ineffective trial counsel, also was not an "extraordinary circumstance" sufficient to obtain relief under Rule 60(b)(6); and (3) even if a change in decisional law combined with Arthur's assertion that his trial counsel was ineffective constituted an "extraordinary circumstance" under Rule 60(b)(6), the <u>Martinez</u> decision was not applicable to the facts of Arthur's case. The Eleventh Circuit specifically held that the <u>Martinez</u> and <u>Trevino</u> decisions did not apply in Arthur's case, and Arthur failed to show an extraordinary circumstance to justify the granting of Rule 60(b)(6) relief.

In affirming the district court's denial of Arthur's Rule 60(b)(6) motion, the Eleventh Circuit explained that the <u>Martinez</u> rule does not apply where a petitioner's habeas petition was denied due to his failure to timely file a habeas petition in federal court.

> In contrast, Arthur's case does not involve "cause" under the procedural default doctrine. Arthur's § 2254 petition was dismissed because he filed it well after AEDPA's limitations period expired, and he showed no basis for tolling. <u>See</u> <u>Arthur</u>, 452 F.3d at 1250-54. Arthur's case concerns only the operation of a <u>federal</u> rule -- namely, the operation of AEDPA's one-year statute of limitations. It was wholly the operation of AEDPA's <u>federal</u> limitations period -- independent of any state procedural rule -- that barred Arthur's § 2254 petition. Because Arthur's § 2254 petition was denied due to his complete failure to timely file that § 2254 petition, the Supreme Court's analysis in <u>Martinez</u> and <u>Trevino</u> of when and how "cause" might excuse noncompliance with a state procedural rule is wholly inapplicable here.

> For all of these reasons, the <u>Martinez</u> rule does not apply at all to Arthur's case. Predicting this result, Arthur asserts that we should broaden the equitable <u>reasoning</u> behind the <u>Martinez</u> rule and apply it to his case. But, any such broadening would ignore the Supreme Court's emphatic statements that the <u>Martinez</u> rule creates only a narrow exception to <u>Coleman</u>'s general rule. <u>See</u> <u>Martinez</u>, 132 S.Ct. at 1315 (referring to a "narrow exception"); <u>id</u>. at 1320 (referring to the "limited circumstances" in which its ruling applied and discussing the "limited nature" of the rule); <u>Trevino</u>, 133 S.Ct. at 1921 (applying <u>Martinez</u>'s "narrow exception"). **Thus, we also hold that the reasoning of the <u>Martinez</u> rule does not apply to AEDPA's limitations period in § 2254 cases or any**

> **potential tolling of that period.** The narrow
> exception in the <u>Martinez</u> rule is designed to
> be hard to meet "to ensure that state-court
> judgments are accorded the finality and
> respect necessary to preserve the integrity of
> legal proceedings within our system of
> federalism." <u>Martinez</u>, 132 S.Ct. at 1316.

<u>Arthur</u>, 739 F.3d at 630-31 (emphasis added).

In consideration of the teachings of <u>Arthur</u>, Burroughs' reliance on <u>Martinez</u> is misplaced. As previously explained, the Court, in <u>Martinez</u>, addressed whether ineffective assistance of counsel can constitute cause for procedural default; it neither addressed equitable tolling nor AEDPA's statute of limitations. Similar to <u>Arthur</u>, Burroughs' case does not involve "cause" under the procedural default doctrine. Thus, as Burroughs' habeas petition is due to be dismissed because he filed it after AEDPA's one-year statute of limitations period expired, and he has shown no basis for tolling, the Supreme Court's analysis in <u>Martinez</u> and <u>Trevino</u> of when and how "cause" might excuse noncompliance with a state procedural rule is not applicable. <u>See</u> <u>Arthur</u>, 739 F.3d at 630-31.

As to Burroughs' claim of actual innocence, <u>see</u> Amended Petition at 7, this Court finds that he has not made the requisite showing. To make a showing of actual innocence, Burroughs must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." <u>Schlup v.</u>

<u>Delo</u>, 513 U.S. 298, 327 (1995). In assessing the adequacy of a petitioner's showing, the Supreme Court has stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

<u>Id</u>. at 329; <u>see also Sibley v. Culliver</u>, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence") (citations omitted). Moreover, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." <u>McQuiggin v. Perkins</u>, 133 S.Ct. 1924, 1935 (2013). Again stressing that "the <u>Schlup</u> standard is demanding[,]" the Supreme Court has stated: "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the

trial was free of nonharmless constitutional error.'" Id. at 1936 (quoting Schlup, 513 U.S. at 316).

Here, Burroughs has not offered any new reliable evidence that was not available at the time of his trial. He has not produced exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not available at the time of his trial. Indeed, he has failed to point to any evidence to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. This is not an "extraordinary" case under the Schlup standard. House v. Bell, 547 U.S. 518, 538 (2006).

Burroughs has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Burroughs seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Burroughs "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542

14

U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Amended Petition (Doc. 6) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment denying the Amended Petition and dismissing this case with prejudice.

15

3.    If Burroughs appeals the denial of the Amended Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of January, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

sc 1/6
c:
Charlie James Burroughs
Ass't Attorney General (McCoy)

16